**UNITED STATES, Appellee,**

v.

**Master Sergeant Doyle B. ALFORD, 264–96–3169, United States Army, Appellant.**

**ACMR 8900737.**

U.S. Army Court of Military Review.

26 Oct. 1989.

For Appellant: Captain Thomas A. Sieg, JAGC, Captain Jeffrey J. Fleming, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kathryn F. Forrester, JAGC, Captain Mark E. Frye, JAGC (on brief).

Before FOREMAN, SMITH and VARO, Appellate Military Judges.

## OPINION OF THE COURT

SMITH, Judge:

After sentencing, the military judge discussed with appellant his appellate rights. He explained appellant's opportunity to submit matters to the convening authority and stated: "Now, if you care you can retain civilian counsel to assist Captain Dempsey in that function, *but I would recommend that you not do that because you would be wasting your money.*" (emphasis added.)

Later, in his advice, Judge Colby explained the appeal process before this court and the Court of Military Appeals. In regard to civilian counsel he stated: "Before either of those courts in Washington you can retain civilian counsel to represent you, *again I would recommend that you not do that. You'd simply be wasting your money, because they would probably have to rely on the expertise of the military counsel.*" (emphasis added.)

The military judge has the responsibility to properly advise an accused of his post-trial and appellate rights before adjournment, and inform the accused of "[t]he right to the advice and assistance of counsel in the exercise of [these] rights ..." Manual for Courts-Martial, 1984, Rule for Courts-Martial 1010(d). In this case,

the military judge effectively nullified this advice by inserting his personal opinion that, within the military appeals system, hiring a civilian attorney would be "wasting your money." His advice was an attempt to influence appellant's choice of representation and was highly inappropriate and inaccurate. Suffice it to say that the bar of this court includes many exceptionally able counsel both civilian and military.

■ We do not view the military judge's conscious effort to dissuade appellant from exercising his post-trial right to representation by civilian counsel as "harmless error."

■ We have not considered the other errors raised by appellant because we do not have before us proper findings and sentence approved by the convening authority. *See generally United States v. Evans,* 49 C.M.R. 674 (A.C.M.R.1974).[1]

The action of the convening authority, dated 7 April 1989, is set aside. The record of trial will be returned to The Judge Advocate General for remand to the same or a different convening authority for referral to a general court-martial. At the general court-martial, a proceeding in revision will be held at which the appellant will be properly advised of his post-trial rights. Appellant will be given a reasonable opportunity to retain civilian counsel if he so desires, and a new review and action will be prepared.

Senior Judge FOREMAN and Judge VARO concur.

---

1. The staff judge advocate is not precluded from discussing the errors assigned by appellate defense counsel. *United States v. Evans,* 49 C.M.R. at 675.